NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK SHANE LASHLEY, | No. 22-15500 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:18-cv-03013-MCE-DB |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 20, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Mark Lashley appeals from the district court's decision affirming the

Commissioner of Social Security's denial of disability benefits for the period prior

to March 2016. Because the facts are known to the parties, we repeat them here only

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

as necessary to explain our decision.

I

The ALJ undisputedly erred in summarizing the opinion of Dr. Schmitter. But "[w]e may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (cleaned up). The plaintiff bears the burden of showing harm. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Lashley has not met his burden. The ALJ's misstatement supported the conclusion that Lashley did not meet the listing-severity threshold. But other evidence also supported that conclusion, and Lashley presents no argument against it. There is no reason to believe that the ALJ's error was consequential to the listing-severity analysis. Neither could the error have infected the residual-functional-capacity analysis, since that portion of the ALJ's decision did not repeat the error, instead summarizing Dr. Schmitter's opinion correctly. Finally, the ALJ's error did not leave the decision without substantial evidence. Lashley objects to consideration of medical opinions from an examining family practitioner and from a non-examining medical advisor, but such opinions can qualify as substantial evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Lashley disagrees with the ALJ's reading of the record, but he does not show that the ALJ's

2

interpretation of the record was not a "rational" one, which is all the substantial evidence standard requires. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## II

Lashley further argues that, due to employment discrimination against felons, no substantial gainful work exists for him in the national economy, and so he is eligible for disability benefits. But the applicable statute asks whether, "considering his age, education, and work experience," a claimant can "engage in any . . . kind of substantial gainful work which exists in the national economy, regardless of . . . *whether he would be hired if he applied for work*." 42 U.S.C. § 423(d)(2)(A) (emphasis added). The final clause clearly establishes that employment discrimination is irrelevant for the disability benefits determination. The ALJ therefore did not err in declining to consider Lashley's criminal record.

**AFFIRMED.**